IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KEVEN LEE CARTER,

    Petitioner,

v.                                                        CASE NO. 5:15-cv-23-MW-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing ECF No. 1, a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner is serving a sentence in the Florida Department of Corrections for failure to register as a sex offender.  The Petition stems from Petitioner's underlying 2003 conviction in Winnebago County, Illinois, for attempted aggravated criminal sexual assault.  Petitioner concedes that he was released from custody on this sentence in November 2010.  ECF No. 1 at 10.   This case is now before the Court on ECF No. 7, Respondent's motion to dismiss the petition as successive because Petitioner previously sought habeas corpus relief in the Northern District of Illinois.[1]  Petitioner has filed a response to

---

[1] *See Carter v. Uchtman, Acting Warden*, Case No. 3:05-cv-50050 (N.D. Ill., Judgment on the merits rendered Oct. 15, 2007), *certificate of appealability denied sub nom., Carter v. Hulick*, Case No. 08-1058 (7th Cir. June 30, 2008) (unpublished).

the motion conceding that it is successive but requesting transfer of this matter to the Seventh Circuit as a motion for leave to file a successive petition. ECF No. 10.

Initially, it is now apparent that Petitioner is not "in custody" in Florida pursuant to the challenged sentence. "[T]he federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A petitioner must be in custody pursuant to the conviction or sentence under attack, and is not considered in custody once that sentence has "fully expired." *Maleng*, 490 U.S. at 491-492. A person whose sentence has fully expired at the time a habeas petition is filed is not "in custody" for habeas corpus purposes even though collateral consequences flow from a prior conviction. "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it." *Id*. at 492. (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).

In this case, it is clear that Petitioner is no longer "in custody"

pursuant to his Illinois conviction. While such conviction may have been the basis for Petitioner's subsequent Florida conviction for failure to comply with sex offender registration requirements, the sentence expired in 2010 and the expiration of the sentence prior to filing the instant § 2254 petition deprives this court of habeas corpus jurisdiction. *See id*. The Petition therefore should be dismissed.

Moreover, to file a second or successive § 2254 petition, the Petitioner must first obtain an order from the court of appeals authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A); Rule 9, Rules Governing Section 2254 Cases in the United States District Courts. Absent authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir.2003) (addressing a successive motion to vacate under 28 U.S.C. § 2255). The appropriate Court of Appeals in this case would be the Seventh Circuit.

Petitioner requests that the Petition be transferred to the Seventh Circuit as a motion for leave to file a successive petition. ECF No. 10. While some circuits have permitted courts to transfer unauthorized habeas petitions to the circuit courts pursuant to 28 U.S.C. § 1631, the Eleventh

Circuit has not held that § 1631 is applicable in the context of successive habeas petitions. *See Guenther v. Holt,* 173 F.3d 1328, 1330 (11th Cir. 1999) (noting that other circuits permitting or requiring transfer had failed to analyze § 1631 or explain why § 1631 was applicable in the case of successive habeas petitions, yet finding it unnecessary to resolve the issue given the facts before it).

Even if such authority is assumed, the Court finds that Petitioner is not entitled to a transfer in the interests of justice under § 1631. Petitioner is no longer in custody pursuant to the Illinois judgment, and it appears that any challenge to that 2003 judgment, even if he were in custody, would be barred by the one-year statute of limitations, *see* 28 U.S.C. § 2244(d).

In light of the foregoing, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 7, be **GRANTED** and that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED** for lack of jurisdiction.

**IN CHAMBERS** this 13th day of January 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.